UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
_____

**DANIEL SWEAR**                             :          **CIVIL ACTION NUMBER:**
                                             :
                                             :
**VERSUS**                                   :
                                             :
                                             :
                                             :
**ARTHUR LAWSON, IN HIS**                    :
**INDIVIDUAL CAPACITY AND**                  :
**OFFICIAL CAPACITY AS THE**                 :
**CHIEF OF THE GRETNA POLICE**               :
**DEPARTMENT; SCOTT VINSON**                 :
**IN HIS INDIVIDUAL AND**                    :
**OFFICIAL CAPACITY AS A**                   :
**CAPTAIN IN THE GRETNA**                    :
**POLICE DEPARTMENT AND THE**                :
**CITY OF GRETNA**                           :
_____

## COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF AND DAMAGES

**NOW INTO COURT,** through undersigned counsels, comes the Plaintiff, Daniel Swear, who respectfully submits:

1.

Plaintiff, Daniel Swear (hereinafter Complainant or Swear), is the full age of majority, and a resident domiciliary of the Parish of Plaquemines, Louisiana.

2.

Made Defendants herein are:

A.  The City of Gretna, municipality of the State of Louisiana, located in the Parish of Jefferson, State of Louisiana;

1

B.  Arthur Lawson, in his individual capacity, as well as his official capacity as the Chief of the Gretna Police Department, located within the municipality of Gretna, State of Louisiana, located in the Parish of Jefferson; and

C.  Scott Vinson, in his individual capacity, as well as his official capacity as the Captain of the Patrol Division of the Gretna Police Department.

3.

This action is brought pursuant to 42 U.S.C. § 1983 and La. R.S. 23:967. Jurisdiction is proper pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343 and, 28 U.S.C. 1367.

4.

This action for injunctive relief is brought pursuant to Rule 65 of the Federal Rules of Civil Procedure (hereafter "F.R.C.P."); 42 U.S.C. §1983; 42 U.S.C. §1331; and, 42 U.S.C. §1343 for violation of Complainant's constitutional rights. This action for declaratory judgment has been brought pursuant to the provisions of 28 U.S.C. § 2201 and 28 U.S.C. § 2202, as well as F.R.C.P. 57 and 58. This action for damages is brought pursuant to the provisions of 42 U.S.C. 1983 and La. R.S. 23:967.

5.

Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391, as the named Defendants are domiciled in the Parish of Jefferson.

6.

At all relevant times hereto, the Complainant was a full time commissioned police officer with the Gretna Police Department and employed by the City of Gretna.

7.

Mr. Swear began employment with the City of Gretna on or about December 10, 2010, as a commissioned police officer.

8.

Mr. Swear subsequently obtained the position of Field Training Officer, granting him an increased salary for training newly hired police officers.

9.

On or about December 17, 2014 and/or December 19, 2014, Mr. Swear attended a mandatory meeting of the Gretna Police Department. During the meeting, Mr. Swear was informed that the Gretna Police Department was instituting a quota policy.

10.

The quota policy mandated that each Gretna Police Officer issue three (3) traffic citations and or summons per day and an average of one arrest every two days worked. The quota policy further subjected the police officers, as well as their supervisors, to mandatory disciplinary action for any non-compliance with the quota policy.

11.

The quota policy was implemented on December 17 and/or 19, 2014 and administered by the supervisory officials and overseen by the Captain of the Gretna Police Department.

12.

Pursuant to La. R.S. 40:2401.1, entitled: *Quotas Prohibited*, Louisiana law expressly prohibits quotas to be employed by law enforcement agencies.

13.

Mr. Swear was aware that state law prohibited the employment, administration and enforcement of a quota system for law enforcement officials.

14.

On December 20, 2014, Mr. Swear informed his supervisor, Sergeant Danielle Rodriguez, that implementation of the quota policy was expressly prohibited by state law, and that he did not intend to participate in the unlawful activity.

15.

During the conversation between Mr. Swear and Sgt. Rodriguez on December 20, 2014, Sgt. Rodriguez twice confirmed that the mandatory minimum quota of ticket to be issued by patrol officers was three (3) per day.

16.

In addition to informing his supervisor, as identified in paragraph fourteen (14) hereinabove, Mr. Swear spoke out against the quota system to fellow law enforcement officers of the Gretna Police Department.

17.

Mr. Swear also spoke out against the prohibited quota system to members of the public, including but not limited to friends and family members.

18.

Mr. Swear additionally informed a special agent with the Federal Bureau of Investigation, stationed in the New Orleans office, of the implementation and administration of the quota system.

19.

Mr. Swear met with the special agent with the Federal Bureau of Investigations on several occasions regarding the implementation of the quota system.

20.

Mr. Swear additionally notified the Louisiana Office of the Inspector General regarding the implementation of the quota system.

21.

On February 2, 2015, Mr. Swear attended a meeting in the office of Captain Scott Vinson.  Also, present in the meeting were Captain Russell Lloyd and two Sergeants.

22.

At the meeting Mr. Swear was threatened with termination if he failed to participate in and meet the assigned quota.

23.

Immediately after the February 2, 2015 meeting, Mr. Swear tendered a written letter containing a two week notice of resignation from the Gretna Police Department.

24.

Thereafter on February 9, 2015, Mr. Swear attended a second meeting at the request of Captain Scott Vinson.  During the meeting, Mr. Swear was informed that he was being written up for making defamatory statements concerning the ethics of the Gretna Police Department.

25.

At the February 9, 2015 meeting Mr. Swear was urged to resign immediately.

26.

On or about February 20, 2015, Mr. Swear received his last pay check from the City of Gretna, compensation for his earned and accrued benefits in accordance with the terms and conditions of his employment and received written notice of his separation from the Gretna Police Department.

27.

**CAUSES OF ACTION**

**Fourteenth Amendment Due Process**

La. R.S. 40:2531 *et seq.,* the Police Officers Bill of Rights, sets forth the mandatory minimum procedures and substantive prerequisite to discipline, suspension and/or termination of law enforcement officials

28.

The Defendant's failure to adhere to the minimum statutory requirements prior to notifying Mr. Swear of his pending termination is violative of La. R.S. 40:2531(C).

29.

The Plaintiff possessed a legitimate claim of entitlement to the statutory provisions of La. R.S. 40:2531 *et seq*., the Louisiana Police Officers Bill of Rights.

30.

The Plaintiff's statutory entitlement to disciplinary and pre-termination substantive procedures give rise to a protected due process interest under the Fourteenth Amendment.

31.

The Defendant's wholesale failure to follow any mandatory provision of such statutory scheme violates Mr. Swears procedural due process rights under the Fourteenth Amendment.

32.

The Defendants' arbitrary and capricious conduct regarding its intention to terminate of Mr. Swear if he did participate in, and comply with the quota system newly instituted by the Gretna Police Department violates his substantive due process guarantees under the Fourteenth Amendment.

33.

The conduct of the Defendants was committed with deliberate indifference and reckless disregard for Mr. Swears federal constitutional rights, entitling him to punitive damages under 42 U.S.C. 1983.

34.

**First Amendment Discrimination and Retaliation**

Mr. Swear speech regarding the statutorily prohibited quota system, implemented and administered by the Defendants, is of significant public import.

35.

Such speech is protected by the First Amendment.

36.

The Defendants disciplining of Mr. Swear and constructively discharging him from the Gretna Police Department is an act of reprisal for engaging in protected speech.

37.

The Defendants arbitrary and capricious conduct was reckless, malicious and done with deliberate indifference to Mr. Swears First Amendment rights and protections.

38.

Such conduct of the Defendants further entitle Mr. Swear to an award of punitive damages pursuant to 42 U.S.C. 1983.

39.

**State Law Whistleblower Claim, La. R.S. 23:967**

Mr. Swear, in his capacity as a police officer for the City of Gretna, was subject to a mandatory quota policy expressly prohibited by Louisiana law.

40.

Mr. Swear immediately notified his supervisor that such quota system violated state law.

41.

Mr. Swear further immediately notified his supervisor that he did not intend to participate in the unlawful quota system.

42.

Mr. Swear reported the implementation of the quota system to law enforcement officials.

43.

Mr. Swear was disciplined and constructively discharged from his employment for speaking out against the quota system and refusal to participate therein.

44.

As a result of the conduct of the Defendants, Mr. Swear has suffered humiliation, embarrassment, mental pain and anguish which required medical treatment, in addition to lost wages and earnings.

45.

Mr. Daniel Swear further requests all costs, fees and attorney fees associated with the disposition of this matter pursuant to 42 U.S.C. 1988 and/or La. R.S. 23:967, as well as judicial interest from the date of the filing of this complaint or as otherwise provided by law.

46.

Mr. Daniel Swear respectfully request a trial by jury of the merits of this matter.

**WHEREFORE**, Complainant, Daniel Swear, prays that after due proceedings and consideration:

1. The Defendants named herein be duly cited for service of process of this complaint;
2. A permanent injunction issue herein enjoining and prohibiting the continued implementation and administration of the quota system;
3. A declaratory judgment issue herein declaring that the Police Officer's Bill of Rights creates a due process property interest protected by the Fourteenth Amendment; that the Plaintiff's due process rights were violated; that the Plaintiff's rights under the First Amendment were violated; and that the conduct of the Defendants violated La. R.S. 23:967, the Louisiana Whistleblower Protection Act;

4. A judgment issue herein for damages resulting from the Defendants violation of his due process rights under the First Amendment and the Fourteenth Amendment;

5. A judgment issue herein for damages resulting from the Defendants violation of rights under the La. R.S. 23:967;

6. The Defendants in their individual capacities be cast in judgment for punitive damages;

8. The court issue all legal and equitable relief just as proper under the premise; and,

9. Mr. Swear be deemed a prevailing party in this matter and be granted all costs, fees and attorney fees pursuant to 42 U.S.C. 1988 and/or La. R.S. 23:967, as well as judicial interest as provided by law.

**RESPECTFULLY SUBMITTED:**


____**/s/  Seth M. Dornier**_____
**SETH M. DORNIER (La. Bar. #32804)**
**DORNIER LAW FIRM, LLC**
351 Saint Ferdinand Street; Suite B
Baton Rouge, Louisiana 70802
Telephone:  (225) 389-6664
Facsimile:  (225) 372-2430
 Email:  Seth@DornierLaw.com

**AND**


_____**/s/  Corey J. Hebert**_____
**CHARLES R. MOORE (La. Bar No. 9604)**
**COREY J. HEBERT (La. Bar No. 31773)**
6513 Perkins Road
Baton Rouge, Louisiana 70808
Telephone:  (225) 766-1100
Facsimile:  (225) 767-4486
  Email:  Moore@Moorethompson.com
    Hebert@Moorethompson.com