UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL SWEAR** | : | CASE NUMBER: 2:15-cv-06591 |
| | : | |
| | : | SECTION "G" |
| **VERSUS** | : | HON. JUDGE BROWN |
| | : | |
| | : | MAGISTRATE |
| **LAWSON, et al.** | : | HON. JUDGE van MEERVELD |

## JOINT STATUS REPORT

**NOW INTO COURT**, through undersigned counsel comes, plaintiff, Daniel Swear and defendants, Arthur Lawson, Scott Vinson, and the City of Gretna, who submit this Joint Status Report and respectfully represent as follows:

**I.     Parties and Counsel who represent the parties:**

**A. Plaintiff:**

Daniel Swear

Moore & Hebert, APLC
Corey J. Hebert

Charlotte C. McDaniel McGehee, A Professional Law Corporation
Charlotte C. McDaniel McGehee

AND

The Dornier Law Firm, LLC
Seth M. Dornier

**B. Defendants:**

Arthur Lawson

1

      Scott Vinson

      And

      The City of Gretna

      Attorneys for Defendants:
      Beevers & Beevers, L.L.P
      Steven M. Mauterer

**II. Motions Pending before the Court:**

    **A.** There are no motions presently pending in this matter. Plaintiff and Defendants anticipate the filing of multiple evidentiary motions prior to the deadlines established by the Court's June 19, 2018, scheduling order.

**III. Dates and Times of any Status Conference, Pretrial Conference and Trial**

    **A.** Dates of Conferences and Trial:

        1. Final Pretrial Conference to be held on May 16, 2019 at 2:00 pm.

        2. Trial is scheduled to commence on June 3, 2019 and last 4-5 days.

    **B.** This is a jury matter.

**IV. Description of Factual and Legal Issues underlying the dispute:**

    **A**. Plaintiff's contentions:

        Mr. Swear refers the Court to his Complaint (Doc. #1) and Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. # 35) for a more detailed explanation of the facts and issues presented in this matter. In summary, Mr. Swear was employed as a commissioned police officer by the City of Gretna. During his employment, Mr. Swear alleges that the Gretna Police Department had a longstanding quota policy for arrests and citations and/or summons that had to be met. Mr. Swear alleges that this quota policy was implemented and administered by the supervisory officials.

Louisiana law expressively prohibits quota policies such as those alleged by Mr. Swear. Mr. Swear was threatened with termination if he failed to participate in and meet the assigned quota.

Mr. Swear alleges that he notified his supervisors, special agents of the FBI, the Louisiana Office of the Inspector General and other members of the public that this quota system was being enforced. Mr. Swear alleges that he was written up for making defamatory statements concerning the ethics of the Gretna Police Department and in particular speaking out against the Gretna Police illegal quota policies. Mr. Swear was encouraged to resign immediately. Mr. Swear alleges that defendants took adverse employment action against him which ultimately lead to his constructive discharge.

Mr. Swear is asserting the following Causes of Action and all of those remaining from his original Complaint:

1. Claims under 42 U.S.C. 1983 and 42 U.S.C. 1988
2. First Amendment Discrimination and Retaliation
3. State Law Whistleblower Claim, La. R.S. 23:967

**B.** Defendant's contentions:

Defendants have denied the claims brought by Swear and have asserted multiple defenses, including but not limited to, absolute and qualified immunity, and the alleged facts do not support *Monell* liability and/or *respondiat superior* liability. The defendants have pled immunity pursuant to La. R.S. 9:2798.1, limitation of liability pursuant to Louisiana Governmental Claims Act (La.R.S. 13:2501 et seq.), lack of negligence, or otherwise. Defendants believe the claims to be legally deficient, frivolous, and/or

unreasonable, and do not give rise to any relief that may be granted by the court. Defendants seek attorney fees and costs pursuant to 42 USC 1988.

Arthur Lawson, individually and in his official capacity, was clearly dismissed from this litigation on January 12, 2018 (Doc. 60) as it pertains to Plaintiff's First Amendment claims. Arthur Lawson is not Plaintiff's employer for the purpose of the La. Whistleblower claim and defendants take the position that Arthur Lawson is no longer involved in this litigation, leaving only claims against Scott Vinson, in his individual capacity, and the City of Gretna.

**V.  Discovery Pending:**

There is presently no discovery pending as the deadline has passed.

**VI.  Status of Settlement Negotiations**

**A.** To-date, the parties have participated in two mediations, however, they have been unable to reach a resolution of this matter. The parties anticipate that there may be future discussion in regards to settlement.

BY ATTORNEYS:
**MOORE & HEBERT, APLC**

     s/Corey J. Hebert
Charles R. Moore, La. Bar Roll No. 9604
Corey J. Hebert, La. Bar Roll No. 31773
6513 Perkins Road
Baton Rouge, Louisiana 70808
hebert@moorehebert.com
*ATTORNEYS FOR PLAINTIFF*

*AND*

*Respectfully submitted,*

***BEEVERS & BEEVERS, L.L.P.***

*WILEY J. BEEVERS, Bar #2902*
*STEVEN M. MAUTERER, Bar #26682*
*210 Huey P. Long Avenue*
*Gretna, Louisiana 70053*
*Telephone: (504) 361-4287*
*Fax: (504) 362-1405*
*Email: smauterer@beeverslaw.com*

## **CERTIFICATE OF SERVICE**

**I HERBY CERTIFY** that the above and foregoing Joint Status Report has been sent to all counsels of record via the Court's CM/ECF system.

**DONE AND SIGNED** this 18th day of October in Baton Rouge, Louisiana.

/s/ Corey J. Hebert
Corey J. Hebert